(C.R.D. 76–12)

GUY B. BARHAM CO. ET AL. *v.* UNITED STATES

Court Nos. 75–10–02564, etc.

Ports of Los Angeles, New York, and Louisville

(Dated October 29, 1976)

*Glad, Tuttle & White* (*Robert Glenn White* of counsel) for the plaintiffs.
*Rex E. Lee,* Assistant Attorney General (*Edmund F. Schmidt,* trial attorney), for the defendant.

RICHARDSON, Judge:    The question in this case is the same as the question raised in the case of *Fairfield Gloves et al.* v. *United States,* 77 Cust. Ct.166, C.R.D. 76–10, 10 Cust. Bul. No.45, p. 50 (October 15, 1976), that is, whether the words "form, manner and style" are synonymous, and require that a summons must in all instances be physically received in the office of the clerk on or before the last day for filing in order for the Customs Court to acquire jurisdiction, or whether the court may by rule adopted pursuant to statutory authority deem a summons filed as of the date it is mailed as provided in Customs Court rule 3.2(b).

In the *Fairfield* case the court held that rules of court adopted in conformity with authority delegated by statute to make rules of practice, pleading and procedure have the same force and effect as if expressly included in the statute. The court further held that where Congress in 28 U.S.C.A. § 2632(a) delegates to the Customs Court authority to determine the manner of filing a summons, and mailing is recognized in statutes and decisions as a manner of filing, the Customs Court's promulgation of rule 3.2(b), which deems the date of mailing of a summons as the date of filing, is a proper exercise of the delegated authority.

No facts or legal principles have been presented in this case that were not considered in the *Fairfield* case, and that case is *stare decisis* and governs the issue in this case. For a full discussion of the reasons and authorities in support of the conclusion reached in the *Fairfield* case see the decision in that case.

Ordered that the summonses in the actions listed on the attached schedules "A" and "B" were timely filed, and the defendant's motion to dismiss and sever and dismiss is hereby denied.